Good morning, and may it please the Court, my name is Maxwell Pritt, Counsel for Plaintiff Appellant Pedro Rosales-Martinez, who is here in the audience today, flew in from Michigan. Let me just stop for a second. I don't think we started the clock yet. Why don't you get that going there? Go ahead. That gives me a few extra seconds. My colleague at counsel table today, Perry Grossman, has also worked on this appeal. Will you be taking the whole time, though? No, I would like to ambitiously reserve four minutes for rebuttal. But he's not going to use argument time. And you're handling this case pro bono? Yes, and I would like to thank the Court. We thank counsel for doing that. We appreciate attorneys donating their time to help people that can't afford to hire litigants. So please proceed. Thank you. This Court should reverse the district court's dismissal of Mr. Rosales-Martinez's pro se civil rights complaint for two reasons. First, because it applied the wrong claim accrual rule to hold that Mr. Rosales-Martinez's complaint was barred by the statute of limitations. And second, because Mr. Rosales-Martinez's complaint, especially through the lens of this Court's liberal pleading standards for pro se civil rights litigants, adequately states a claim for relief. Now, the district court applied the wrong claim accrual rule. It acknowledged that Mr. Rosales-Martinez's claims were essentially claims about the government withholding, exonerating information, and yet it applied the discovery rule of claim accrual to hold that Mr. Rosales-Martinez's claims accrued while he remained incarcerated. But a prisoner's Section 1983 claims that imply the invalidity of the prisoner's conviction or sentence simply do not accrue until those convictions or sentences have been invalidated. And this is the rule of deferred claim accrual. And this isn't really a contentious point. Indeed, the Supreme Court and every single circuit to address this issue, which is at least the Second through the Tenth Circuits, has held that claims, Section 1983 due process claims involving the government's withholding of exculpatory or impeachment evidence, which are essentially claims that sound under Brady or its progeny, necessarily imply the invalidity of a conviction and thus do not accrue until that conviction is evaluated. Sotomayor, I assume we agree with you. This case got a little more complicated with the judicial notice motion. And apparently there's a he's not specifically vacated after there was a stipulated judgment that was entered and he entered a lesser charge. And so let's assume, just for argument's sake, that we agree that he can file it. Statute of limitations is not a problem. But we get into a heck problem then. Well, actually, I don't think there's any heck problem. All of the convictions, all four convictions and sentences were vacated. He then entered at the same time a plea to a new conviction, which was based on one of his earlier convictions. Those are two separate legal processes. And I think — But you're challenging what he entered the lesser included offense to. You're challenging the facts of that. And heck, specifically, you can't, you know, that — you've definitely got a heck problem here. Certainly. Now, whether you prevail on it or not, there's a heck issue that we weren't aware of when this whole thing started. And so then both of you, I don't know, when did you learn that there was this conviction? We requested some of the state court records and we deliberated whether or not to — Sorry, I missed that. We requested some of the state court records. We don't have all of them, but we knew that he entered a plea. We decided not to — I mean, it's not our job as the appellant to put things in the records. Well, it's not good for you. We don't think so, and that's why we didn't include it. And I'll give you two reasons. Certainly, the Second Circuit's recent en banc decision in Poventude makes clear that Section 1983 Brady claims only address the legal process that resulted in the original convictions and then the process before those convictions were vacated. Once that's done, it stops the process. And so — That's a view of the majority, but not of the minority. And the court was split. Well, I agree. Let me ask you this. If we reverse, and it goes back to the district court, the district court will have to grapple with the issue that the Second Circuit was split on. Not necessarily. This Court in Gensler v. Loganbach, which I was able to locate, it's 410F3-630. That's 635, essentially already held that a subsequent conviction is not a bar to a Section 1983 claim. Well, but, okay. They don't have to rule against you, but they've got to grapple with it. We've got to say that that's what the judge is saying to you. They're going to have to deal with the issue. Not if this Court takes judicial notice of the fact that Rosales Martinez pled guilty to a conviction after his original convictions were vacated. Where are we to take judicial notice of this crime of giving away drugs? A crime I've not heard of before. We have to, I think, under one view of the Second Circuit, grapple with the notion, was there any inconsistency between admitting to that crime and the underlying crime? I agree. But I think even the defendant should be doing that. And should we be doing that, or should the district court be doing that? I mean, I think we've got a very complicated record. It's not clear how we should go. There are two different views, at least, and some splits even among each side. Do we need to grapple with all that before a clear record is made? Well, I don't think there's a lot in the record right now, I agree. But I think the court could easily take judicial notice and explain that this plea does not have a bearing on a Section 1983 claim that involves the original conviction. And even the dissent, the dissents in Poventude, really the issue there that they were concerned with, was at that point it was the material Brady evidence was impeachment evidence to use against an eyewitness who had said to the, who identified the, it was the only eyewitness to identify the defendant as being present at the scene of the crime. And then the subsequent plea, he admitted that he was present at the scene of the crime. So when you're talking about fairness in trial, which Brady claim is concerned about, it seems a little unfair to allow that person to proceed with the Section 1983 Brady claim about not having evidence that he could attach, attack that he was there at the scene, and then to plead guilty and say he was there at the scene. That's not what we have here. No. Okay. But here's the thing, is that we, we, someone's going to have to deal with the heck issue. And the heck issue is the Second Circuit is something we can look at, but it's not Ninth Circuit. It's not binding on the Ninth Circuit. So someone in the Ninth Circuit is going to have to look at whether it, let's just assume that we agree with you that the statute isn't a problem for you. But someone's going to have to look at it. It's a legal issue of whether it's heck barred or not. So do we look at it here and then send back to the district court and say, okay, the statute's not blown, or, and look at the heck issue and say what the, you know, because I think the heck issue probably can be determined on the convictions and looking at all the case law. You're not going to, it's not an evidentiary hearing, right? No, that's correct. But I do think that this Court can rely on Gensler, on Judge Fletcher's decision in 2005 in which he stated, held that because the plaintiff there does not allege conduct that would necessarily imply the invalidity of his conviction after the second trial, the suit is not barred by heck. And that involved a claim for prosecutorial misconduct, which is very clear. But giving off, giving out drugs connotes a possession of the drugs. And a possession of the drugs is a very crime that the, your client was convicted of. Right. So in a sense, the admission to the 2005 crime would be inconsistent with the older crime. And therefore, if we allowed a 1983 claim, one could argue that we're defeasing the judgment. I think what you have to keep in mind is that Mr. Rosales-Martinez's sole defense at trial was entrapment. He never sat there and said, I'm actually innocent. This is not an actual innocence claim. This is not a false arrest claim. So when he then pled guilty, and remember, there were two trafficking charges, which were the ones that gave him ten years in prison. So when he then later pled guilty and said, to an unlawful giving away of a controlled substance, that's not innocence. None of that is before us on a motion to dismiss based on statute of limitations. I agree. And if you are following the dissent's view in poventude, then you might have, you probably would have to remand so that there would be a more complete record in order to determine whether or not the guilty plea is inconsistent with the vacated convictions. Let me ask you this about the HECT aspect of this. The HECT bars impugning a prior conviction. Is it your position that the conviction that would have been impugned here by a 1983 action is the one that was vacated by the Nevada, I guess, Supreme Court? It was actually vacated by the trial court. Oh, the trial court did. Okay. I thought it was a higher court. In any event, the one that was vacated, is that the one that would have been impugned in a HECT situation here? Well, the 1983 Brady claim, certainly. It would have impugned that because that's all it was. That is the only legal process that it's focused on. It has nothing to do with the subsequent process that led to the guilty plea. Okay. Is there any case law that says that HECT applies to the factual circumstances out of which the conviction originated is likewise barred in a HECT situation? I'm sorry, can you repeat that? Okay. I apologize. If HECT is intended to bar impugning a conviction, that conviction arises out of certain facts. So in this case, the conviction is vacated, but your client pled to a lesser charge allegedly arising out of similar or the same facts. My question is whether HECT or any cases construing HECT apply to an impugning, if you will, of the factual predicate for a new claim. In other words, how broad is the HECT web or the net? Does it just include impugning the conviction, the original conviction that in this case was vacated, or is it anything arising out of the same set of facts? Well, I believe that HECT only applies to impugning the original convictions. I mean, that's what HECT itself says. Right. So it's just the conviction. It's not the facts that could lead to a lesser included offense, if you will. Absolutely, although I think that that was the guiding force behind it. So what's your best case for that? Well, under the Ninth Circuit, I guess I would point to Ybarra. There isn't really an exact answer here. Well, I know. I would point to Ybarra and Gensler and Poventute, certainly. Yeah. And Poventute, I know my time's out. I would just like to say that. Well, and I'll answer the question. I'll give you two minutes on rebuttal. Thank you. Because we've covered some issues that came up after this all started. Certainly. I appreciate that, Your Honor. Poventute of footnote 19 of the majority said, a Brady claim cannot challenge a conviction obtained after disclosure of the Brady material. Poventute's claim, therefore, relates only to his original conviction. That is exactly what we have here. Thank you. All right. Thank you. Can I just, before you step down, what's your position on judicial notice? Should we give it? Should we not give it? I know we filed an opposition because the judicial notice was extremely untimely, having been filed only a week before this argument, when the appellees certainly had to do not take judicial notice of a State conviction. I mean, you can argue that it may not be relevant to what we have to decide, but Your Honor certainly can. I'm just not sure exactly what facts Washoe County is asking this Court to take judicial notice of. There's four documents there, including his guilty plea colloquy, which I don't understand the relevance of that. All of those fall within the type of things that you can take judicial notice of. To me, your argument is not that you can't take judicial notice. It's just maybe it's not relevant for what you want us to decide. I would have certain issues. I mean, I can go look at that on my own. I can go do it myself, and I'm not doing anything wrong. I agree, Your Honor. But I would have certain issues with taking judicial notice of some of the things in the guilty plea because I might want to submit additional court records, such as the trial court's discussion on the record about why it was granting why it was vacating the convictions and why it was agreeing to allow the defendant to enter a guilty plea. Well, you could have done that, but strategically I think you didn't really want us to know that it existed. Well, it wasn't necessary for you to do it. No, it wasn't necessary. And, again, I don't think under Ninth Circuit case law or certainly with the Second Circuit's recent en banc decision that it has any relevance to his Section 1983 claims that attack the original conviction. So, I mean, you're telling me that it has no relevance to whether this is heck-barred? Yes, absolutely. And also no relevance to whether or not we should reverse because of a wrongful application of the statute of limitations. Yes, that's correct. Which is really the only subject of the appeal. Right. The dismissal with prejudice based on the statute of limitations application. Thank you. Good morning. Good morning. And may it please the Court, my name is Mark Dunnigan, Counsel for Appellees, City of Reno, and Officer Colby Palmer. With me today is Herbert Kaplan, Counsel for Appellee, Washoe County. But being that this appeal is based on a motion to dismiss that was filed by the City of Reno, I'll be taking the majority, if not all, of the time today. Well, are you giving him any time or not? If the Court would like to hear from Mr. Kaplan, I certainly want the Court to have that opportunity. Well, does he want to? Are you giving him any time? I don't know that he does, Your Honor. Okay. He's your boss, isn't he? No, no. No, no. He's not my boss. All right, let's put it back to the original time since we're bickering about how we're going to use the time here. Okay. Mr. Kaplan, well, I'll proceed. Okay. Unless heck applies, the statute of limitations bars plaintiff's claim here. There's no dispute that the applicable statute of limitations is two years. There's no dispute that the action was filed more than two years after the allegedly tortious behavior. After when? After the allegedly tortious behavior was discovered by the plaintiff. That's not the beginning of the cause of action. The cause of action arises from what? The invalidity, right? I'm sorry. When does the cause of action arise? Discovery of the allegedly tortious behavior. That's not what heck versus Humphrey says. Nor is it what all the holdings are. Holding arises when the prior conviction is rendered invalid. If heck applies, Your Honor, is where I'm going with that. And the city has argued, it's our position, that heck does not apply based on the face of the complaint. It applies to Section 1983 cases where a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction. Well, the plaintiff never alleged that his conviction was invalidated. He pleaded very carefully that the state court heard his habeas petition, and then he was released. So you're saying this is not heck barred? I mean, that's incredible that I'm hearing you say that. I'm sorry. That you wouldn't even argue that. No, I don't mean to. And I would like to go there. I felt that, Your Honors, I came to this case very late, and I felt that on the face of the record that we had, the initial argument that we needed to make was. But if you lose on that argument, you're not going to contend that this is a heck barred action? Well, I would very much like the court to take judicial notice of what the county put on last week. And as to. So why are you asking us to take judicial notice of it if it's not heck barred? Why do we look at it then? What would that have to do with anything? It's my concern that the court is very much interested in the heck bar. So I would like to move to that. Why was this filed so late? Whether or not we can take judicial notice, I don't think that's a big dispute, but you're familiar with the term sandbagging. This was filed one week before the hearing. What was it about these documents that you felt was so important that you filed these documents at that very late date? Well, Your Honor, as I said, I came to this case late after the briefing was done, and my predecessor has since retired. And in becoming familiar with the briefing on this case, my predecessor at the city made an argument that is the same argument that I would have made, which is that the city did not have the opportunity to address this heck argument at the lower court. And if the allegations would have pled that a conviction was invalidated, then the city then would have been able to put on the record something to attack that position that plaintiff was taking. Now, that was the position. Is it your, following that idea, is it your point that if heck is involved, and really the district court ought to be deciding this issue because it's perhaps there are more facts involved than just what shows up on the record. None of this was developed at the trial court level. Do you agree with that? I agree with that. And if I may finish, Your Honor. Okay, sure. But you know, or maybe you don't know, but you know that if let's just say this court hypothetically did not agree with you and said that the statute, that the district court got it wrong on the statute of limitations, then when the heck issue comes up, if you lose, you don't, there's no, you don't have an appeal on that issue. It means you have to go to trial. It would be, you'd have an appeal from the final judgment. But it's not like qualified immunity. I mean, you can ask the court for a permissive appeal. But if you lose on heck below and it's a legal issue, do you understand that? I do. If I could just go back to the question of why this was filed so late, it was actually plaintiff's reply brief that shed light on, to me, the white case that allows this court to take judicial notice. And respectfully, I understand that it was only last week, but I think the applicable Ninth Circuit rule is 27-1, which doesn't appear to me to have a timing component. And it's not as if the county was trying to supplement the record, the Rule 30. So I just don't see policy-wise any reason why the court would not take notice. It's ‑‑ How is your request for judicial notice relevant to the subject of the appeal? It's relevant because it tends to show that a cornerstone of heck, which is the necessity for invalidity of the underlying conviction, is far from being settled. And not only was it ‑‑ You made a motion to dismiss at the trial court, which means that you're contending that from the face of the complaint, there's no cause of action. Correct. If you ask us to take judicial notice, you're adding something to the record. You're not attacking the face of the complaint. You're acting as if you have a 12C motion, namely that it's judgment on the pleadings after you've introduced something else. It's a different case. It's not the case before us. Why do you ask us to take judicial notice of something that's not relevant to the appeal? Technically, Your Honor, the city of Reno did not make that request. But I'm not going to stand here today and say that I didn't support the request, because I do, because ‑‑ You're arguing on the basis of it. Frankly, sir, I think that our best shot at ‑‑ And having this case affirmed is that the court be able to realize that a cornerstone of the plaintiff's Brady claim under HEC is not going to let him get past ‑‑ You're arguing ‑‑ Okay. Excuse me. Go ahead. No, you ‑‑ Well, but if I ‑‑ The only reason that if I were in your position that I would have filed that would to say, if you rule against me on the motion to dismiss, then you should determine as a matter of law that this case is HEC‑barred. But you just told me one of the first things that you said coming up here, that you didn't think it was HEC‑barred, and that you didn't want this court to do it. So I'm very confused. In the strange position of the briefs saying what they say, and HEC‑bar wasn't argued at the briefing level, and so I felt constricted by that. But I do think that if the plaintiff is asking for ‑‑ All right, so let's dial back and say, let's say if we reverse on the motion that is before here, should this court address the HEC issue, or should it just go back to the district court and have the district court address the HEC issue? I think it's appropriate for this court to address that issue. But we don't really have any briefing on it, so that would require supplemental briefing. And I was going to respectfully request that the parties could submit simultaneous letter briefs or something to that effect in two weeks for this court to make a ruling. You would concede we could make a decision whether we wanted to address it or send it back to the district court to address it? We certainly are. Okay. Is the HEC issue just a matter of law, or would fact finding be required in order to do the proper analysis? I don't know for certain, Your Honor. I think that it's a matter of law. A matter of law. So something we could decide you don't think is any benefit in sending it back to the district court, would you never consider the issue? Well, the parties may like to throw as many facts into it as they can. Ultimately, I do think it's a matter of law, and I think that the Second Circuit decision in Poventude certainly provides the Court with plenty of guiding principles in either direction. Would we have to analyze the relationship of the crime to which the defendant pleaded, that is, giving out narcotics, to the crimes of which he was originally unlawfully convicted, which have to do with possession? Yes. And actually, Your Honor, before you raised it with Mr. Pritt, I was operating under the assumption that the count that was pleaded to in the state court stipulation was actually, it was the same count as one of the counts that was vacated. In other words, where the plaintiff in Poventude pled to a lesser offense, which was important in that case because pleading to a lesser offense isn't inconsistent with the existence of reasonable doubt, an earlier trial for a more serious crime, I was going to distinguish that and say that here, actually you have a stipulation where the plaintiff says, I'm guilty. Of what? I. No one is guilty generally. Someone is guilty only of this specific charge. And I think the language is that I sold and or gave and or dispensed and or distributed But that was scratched out. If it is, Your Honor, forgive me. Your motion shows that it's been scratched out. And the reality is that this 1983 claim is for time that this man served in prison based upon a conviction that was later vacated, right? So in that setting, the cause of action really couldn't have even accrued until the conviction was vacated because then he would have no basis for claiming he was improperly imprisoned. I'm sorry, Your Honor. Could you repeat that? What I said was that the 1983 action is based upon his being improperly imprisoned. That could not possibly have accrued until the sentence was vacated, right? Because if it were not vacated, then he would have been lawfully imprisoned based upon a conviction. Yes, Your Honor. So ultimately, it seems to me you've got arguably some factual issues involved because this conviction is pretty black and white. Either it's there or it's not there. If it's vacated, then he may have a claim. If, on the other hand, the fact that there are other facts arising out of the same incident to which he also pled, then you have the question of whether or not the imprisonment perhaps in some way, I don't know how it could relate, but might relate in some way to that. I don't know. But those are facts. That's not just law. I understand, Your Honor. If I could go back to Judge Hellerstein's question, the plea memorandum that was included with that request I think I'm more interested in how you answered, Judge Smith. I don't want you to neglect that question. So the question is It's our time, not your time. So answer the judge's question. Understood. Is Your Honor's question whether there are so many issues of fact that what I'm saying about it being a matter of law is not I don't want to repeat the whole thing again, but the reality is I'm sorry. Can you really tell whether Hecht bars this until you determine the issue of whether the offense to which he later pled, but arising out of the same facts in some way, involves an impugning of the charge for which he served time? I don't know how you do that. It may have nothing to do with it, but I don't know how you do that without having a finder of fact make that determination. Do you agree with that? Yes, I do agree with that. So if we were to reverse on the statute of limitations, it would be the government's position that this should go back to the district court and not be decided as, in quotes, a matter of law. Is that right? Yes, Your Honor. I'm not really sure you're right on that. But to be perfectly honest, I'm not. I'm not sure that I am either, but I also don't feel like I'm in a position. Well, I mean, I think it can go back to the district court, but I'm not sure that this court can't determine it. But the other side of it, there's another issue that ultimately, if it's filed, he got credit for time served. So the question also would be what are his damages? And that would be something that the district court would have to ascertain. If he can file it, can he go ahead? But if the court doesn't have any additional questions, we've gone over the time. So that's it. Thank you. Thank you, Your Honor. Thank you. Quickly, as Poventude said, the majority said, even a guilty person is entitled to a fair trial. This is a question of law. Heck, it's a question of law. It doesn't involve a judgment on the merits. That's what 12b-6 is. You can't impugn. The heck bar can't be used to impugn a subsequent conviction. And that is what Poventude held at footnote 19 when it said that a Brady claim can't challenge a conviction briefly obtained after disclosure of the Brady material. I'm sorry. You're speaking faster than I could have sworn. All right. No, I apologize. I think my point is that this is a question of law that this Court could address if it wants. The problem is Poventude is not binding on this Court. And Poventude is fairly split. So this Court would also be, could also, if you say it's a matter of law, we could also determine we could go with a dissent, too. You're right. But I think the reasoning in the majority, which I'm not sure it's evenly split, is certainly the better reasoning. And I think it's consistent with what this Court held in Gensler. And I think all you need to look at is Exhibit 2 of the request for judicial notice, which is the order vacating all of the convictions in the matter, as alleged in the habeas petition. That's it. That's the end of the process. It says as charged in Count 4 in the second amended information. No, I'm sorry, Your Honor. I'm talking about Exhibit 2, which is the order. Well, I don't know which is Exhibit 2, but I'm looking at the stipulation to vacate convictions. That's Exhibit 3. Petitioner will plead guilty to one count of unlawful, and then there's a scratch out of sale and or exchanging and or supplying and or, and it's, we leave giving away, unlawful giving away a felony in violation of the statute, and it's interleaved and inserted as charged in Count 4 in the second amended information. So that suggests that the plea of guilty was to something that had been invalidated. And I'm confused. The prosecution can obviously go back and retry on the same counts. I mean, and you can plead guilty to the same counts. And that's what happens. If the prosecution can do that, a 1983 action is not right. No, it certainly is when it's a Brady claim that only involves the process that was at issue before the original convictions were vacated. That is exactly right. It's at least arguable that if the prosecution can retry, there is not really an invalidity of the first conviction. Well, that's certainly not what the Court in Poventute held. The Court said once the convictions are vacated, that's the end. And it is very explicit in that. But that was not really before Judge Wesley or Judge Lynch, in their opinions, or just lawyer. Well, I think Judge Lynch's concurring opinion agreed completely with the majority, that that was the end of the issue and that the 1983 claim could proceed. Judge Lynch wrote an opinion existentially in terms of a practical decision to accept the lesser-included offense to get out of jail and to get out of solitary confinement. But that wasn't the – that wasn't agreeable to the dissent. Judge Jacobs wrote a very powerful dissent. The Court was divided. And it would be very hard, it seems to me, for this Court to side with one side on a record that is so imperfect as this one. I agree. If you think that the factual record matters for purposes of the Heck decision, then you would need to remand to the district court to allow the record to be further explored. But the factual issues really deal with damages. That's what we get to. And damages doesn't come until much later. But that's an issue where we come to what the sentence was, what he pled guilty to, how does it affect – Well, that may be another thing down the line. But I think that would be the district judge. Absolutely. Because if you went for credit per time served, you may not have any damages. So even if you got passed, you can file it. Even if the Court said that it wasn't per se Heck barred, but then you have no – Inlet, do you have an additional question? I do. Go ahead. I do. Admittedly, the damages issue is another matter. But what troubles me here is your client pled to an offense after the initial one was vacated that, as I understand it, arose out of the same set of facts and he got credit per time served. It seems like it's all rolled into one ball of wax. Was the second offense to which he pled also tainted by a Brady offense? No, I wouldn't argue so. I mean, there's an issue about constitutional guarantee against multiple punishments. But, again, that goes to damages issues. I understand the damages issue out there. What I'm trying to figure out is how one deals with Hecht in light of the fact that what he pled to here – Well, I think the credit per time served is a little strange. The credit per time served is a little strange because it does bring things back to the original process. But just because you have that, I mean, that's occurring after the original convictions are vacated. Again, you're stopping with the process. And the Brady claim is only about the failure to disclose the exculpatory information that occurred prior to the original convictions and then for the four and a half years while he was after. Once he was released, I mean, at that point he did know about the Brady material. But he cannot bring a Brady claim against the subsequent plea. That's done. So we're only dealing with that original Brady claim for the original convictions. Well, I think your time's up. And I think the one thing that we can agree on on this, you know, as advocates I respect both of your opinions. But this is maybe a little more complicated than it started. Certainly. Thank you, Your Honor. All right. Thank you. This matter will stand submitted.
judges: Hellerstein, Callahan, Smith